**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RHONIQUE GREEN and OLIVIA GIDDINGS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION, <br><br> Defendants - Appellees. | No. 13-56023 <br><br> D.C. No. 2:11-cv-04571-R-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted September 3, 2015[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and BYBEE, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here. The district court dismissed plaintiffs' complaint on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

two alternative grounds. First, it held that California Wage Order 7-2001, § (14)(A), Cal. Code. Regs. tit. 8, § 11070(14)(A), which requires employers to provide seats to their workers, is preempted by the National Bank Act, 12 U.S.C. § 1 *et seq*. ("NBA"). Second, it held that, even if Section 14(A) were not preempted, plaintiffs failed to properly exhaust their administrative remedies as required by California law. Plaintiffs-appellants argue the district court was wrong on both grounds, and we agree. We therefore reverse the district court's decision and remand.

A. *The NBA does not preempt California Wage Order Section 14(A)*

The district court relied on conflict preemption. This species of preemption occurs when state legislation significantly interferes with the purposes or function of a federal law. *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990). In the context of the NBA, we have explained the standard as: "whether the state law prevent[s] or significantly interfere[s] with the national bank's exercise of its powers." *Gutierrez v. Wells Fargo Bank, N.A.*, 704 F.3d 712, 722 (9th Cir. 2012) (alterations in original) (citation omitted).

When we have held the NBA preempts state law, it has been because the state law interfered with a national bank's *banking-related* functions or operations. *See Bank of Am. v. City & Cty. of San Francisco*, 309 F.3d 551, 562 (9th Cir. 2002)

2

(state regulation of bank deposit fees); *Rose v. Chase Bank U.S.A., N.A.*, 513 F.3d 1032, 1036-37 (9th Cir. 2008) (state regulation of disclosures about commercial instruments); *Wells Fargo Bank, N.A., v. Boutris*, 419 F.3d 949 (9th Cir. 2005) (state regulation of auditing interest transactions); *see also Watters v. Wachovia Bank, N.A.,* 550 U.S. 1, 12-14 (2007) (state regulation of mortgage activities).

Here, there is no indication that Section 14(A) will significantly interfere with the NBA's functions or purposes. Bank of America argues that it may face civil liabilities under this law, or that it may not be able to manage bank tellers in the way it desires. But the NBA does not insulate national banks from the indirect costs of doing business. At best, Bank of America has shown that forcing banks to provide seats to their employees may have an incidental impact on some general business operations. And this is not enough. *See Gutierrez*, 704 F.3d at 722 (requiring significant interference with banking powers). The NBA does not preempt California Wage Order Section 14(A).

B.     *Plaintiffs properly exhausted their administrative remedies*

Before an employee can bring a civil suit for a violation of California's Labor Code, she must "give written notice . . . to the Labor and Workforce Development Agency and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and

3

theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1).

Plaintiffs gave written notice of their claims to both the LWDA and Bank of America. The only question is whether their notices included sufficient "facts and theories" under § 2699.3(a)(1).

Under California's Labor Code, a written notice is sufficient so long as it contains some basic facts about the violations, such as which provision was allegedly violated and who was allegedly harmed.[1] *See Alcantar v. Hobart Serv.,* No. 13-55400, 2015 WL 5155449 (9th Cir. Sept. 3, 2015) (finding California's exhaustion requirements not satisfied where a plaintiff's allegations were so vague they did not allow the state agency to "intelligently assess the seriousness of the alleged violations" and the employer to "determine what policies or practices are being complained of"); *Cardenas v. McLane Foodservices, Inc.*, 796 F. Supp. 2d 1246, 1259-61 (C.D. Cal. 2011) (explaining that plaintiffs need not put forth "every potential fact or every future theory," and finding a notice sufficient where it identified the specific plaintiffs aggrieved by the alleged violations); *Moua v.*

---

[1]California law instructs that § 2699.3(a)(1) should be construed liberally in favor of employees. *Home Depot U.S.A., Inc. v. Superior Court,* 120 Cal. Rptr. 3d 166, 176 (Cal. Ct. App. 2010). Similarly, we have explained that administrative complaints should be construed with the "utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1100 (9th Cir. 2002).

4

*Int'l Bus. Machs. Corp.*, No. 5:10-cv-01070 EJD, 2012 WL 370570, at *3 (N.D. Cal. Jan. 31, 2012) (same).

Here, plaintiffs' written notice contained (1) the specific statute Bank of America allegedly violated, (2) facts about what position plaintiffs held, and (3) a specific identification of who was allegedly harmed. This is enough to satisfy California's minimal exhaustion requirements. These facts put the LWDA and Bank of America on notice about the nature of the plaintiffs' claims, namely, that Bank of America was not providing chairs for plaintiffs as California law requires. Plaintiffs properly exhausted their administrative remedies.

**REVERSED AND REMANDED.**